**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENRY A., *et al.,* ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-00528-RCJ-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DIRECTOR MICHAEL WILLDEN, *et al.,* ) | |
| ) | |
| Defendants. ) | |

The court conducted a status and dispute resolution conference on Tuesday, July 20, 2010. Mary Hansbury, Gregory Schulman and William Grimm appeared on behalf of the Plaintiffs. Margaret Foley, Gloria Sturman and Linda Anderson appeared on behalf of the Defendants.

The parties have been discussing electronically stored information ("ESI") and have agreed that the County will produce e-mail in .pst file format, Excel spreadsheets in .csv file format, and paper file pages scanned onto CDs in .pdf format. All of the parties have made progress in discussing what ESI records are in the Defendants' possession and available. Counsel for Plaintiffs suggested that the parties' IT specialists discuss the subject in more detail. County for Clark County has agreed and is attempting to locate an appropriate IT specialist either from the Department of Family Services, or centrally in the County. The court directed the parties' IT specialists to meet and confer to resolve the outstanding ESI issues no later than **August 6, 2010**.

Plaintiffs' counsel also requested that the County prepare the first list of proposed custodian and key word/filter lists for searching electronically stored information as the County is most familiar with its own personnel and records. Counsel for Clark County agreed to do so, and the court directed that the list be prepared and sent to Plaintiffs' counsel no later than **August 6, 2010**. Plaintiffs will have ten days from service of the County's list in which to accept, or make a counter-proposal.

Plaintiffs served written discovery requests and Clark County's responses are due by the end of the week. Counsel for Clark County intends to timely serve responses to the requests. Counsel for Clark County believes the requests are extremely broad and will be asserting objections, but discussing areas in which to narrow the requests with Plaintiffs' counsel.

The parties have also been discussing Defendants' production of discovery from the *Clark K.* litigation, Case No. 2:06-cv-01068-RCJ-RJJ. Approximately 100,000 pages of documents were produced in that case and counsel for Clark County is in the process of preparing an index of these materials to decide whether some or all of them should be produced in this case. The court directed counsel for Clark County to use its best efforts to complete the index and review of these documents by August 6, 2010.

The parties made substantial progress concerning agreement on a proposed form of protective order governing production of confidential information in this case. The parties used the form of protective order entered by the court in the *Clark K.* litigation as a starting point for their discussions. The Plaintiffs agreed to Clark County's request for a number of changes to that order. However, Clark County still maintains that it is required to redact certain categories of information protected by Nevada Revised Statutes identified in the parties' joint status report, and have produced their initial disclosures with significant redactions. Clark County indicated it intended to brief its arguments that state law prohibits it from providing Plaintiffs with unredacted versions of documents containing confidential information protected by statute. The court directed Clark County to file its motion for protective order no later than **July 30, 2010**. Plaintiffs will have fifteen days from service of the motion in which to file a response, and Clark County will have ten days from service of the response in which to file a reply. The court will set the matter for hearing after determining whether the District Judge intends to proceed with a hearing set on dispositive motions on August 13, 2010 or will approve the parties' stipulation to move the hearing on those motions to September 16, 2010.

The parties advised the court in the Joint Rule 26(f) report and proposed Discovery Plan and Scheduling Order (Dkt. #37) filed June 4, 2010, that Clark County intended to file a motion to stay discovery as to the individual County Defendants, Virginia Valentine and Tom Morton. The County's position is that the Supreme Court's *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) decision gives

government officials qualified immunity in lawsuits naming them personally, which extends to requiring them to participate in discovery. Plaintiffs argue that a stay is discretionary rather than mandatory, and that application of an appropriate five-part balancing test identified by the court in *Schwartz v. Jefferson City Department of Human Services*, 2009 WL 2132416 (D. Colo, July 10, 2009) weighs in favor of proceeding. The court directed Clark County to file its motion to stay no later than **July 30, 2010**.

The court will set a status hearing consistent with the District Judge's hearing on the pending motions to dismiss and require the parties to submit a joint status report concerning their progress and any ongoing discovery disputes. At the status conference, the court will hear oral argument on Clark County's Motion for Protective Order and Motion to Stay. The court will also enter a Discovery Plan and Scheduling Order and resolve any unresolved disputes outlined in the parties' initial proposed Discovery Plan and Scheduling Order (Dkt. #37).

**IT IS ORDERED** that:

1. A hearing is set for **September 16, 2010 at 2:00 p.m.** in Courtroom 3B.
2. The parties shall have until **September 14, 2010** to meet and confer and file a joint status report. The joint status report shall address: a) the results of the parties' IT specialists' discussions on production of the County's ESI; b) the Defendants' responses to Plaintiffs' written discovery requests; c) the results of the parties' discussion concerning production of documents produced in the *Clark K*. litigation; d) the results of the parties' discussions concerning preparation of a list of custodians and key word/filter lists for searching ESI; and e) any other unresolved discovery disputes between the parties.
3. Counsel shall arrange for their IT specialists to meet and confer to resolve ESI production issues no later than **August 16, 2010.**
4. Counsel for Clark County shall have until **August 6, 2010** in which to prepare a list of custodians and key word/filter terms for searching ESI. Plaintiffs shall have until August 16, 2010 in which to either accept or respond with a counter-proposal.

///

5. Clark County shall have until **July 30, 2010** in which to file a Motion for Protective Order concerning its contention state law requires redaction of certain confidential information in the County's possession.  Plaintiffs shall have until **August 16, 2010** in which to file a response, and Clark County shall have until **August 25, 2010** in which to file a reply.

6. Clark County shall have until **July 30, 2010** to file its Motion to Stay.  Plaintiffs shall have until **August 16, 2010** in which to file a response, and Clark County shall have until **August 25, 2010** in which to file a reply.

Dated this 21st day of July, 2010.

_____
Peggy A. Leen
United States Magistrate Judge