**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENRY A., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:10-cv-00528-RCJ-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DIRECTOR MICHAEL WILLDEN, *et al.*, ) | (Mot for Protective Order - Dkt. #54) |
| ) | |
| Defendants. ) | |

The court conducted a hearing on September 16, 2010 to resolve the parties' discovery and scheduling disputes. Gregory Scholman, Jeffrey Rosenberg, William Grimm and Dorothy Fernandez appeared on behalf of the Plaintiffs. Gloria Sturman, Margaret Foley and Linda Anderson appeared on behalf of the Defendants. The court ruled from the bench, but indicated a written decision and order would issue with respect to Clark County's Motion for a Protective Order Seeking to Redact Confidential Information and Documents Produced to Plaintiffs (Dkt. #54). The court has considered the motion, Plaintiffs' opposition (Dkt. #59), the Declaration of Jeffrey Rosenberg in support of Plaintiffs' opposition (Dkt. #61), Clark County's reply (Dkt. #63), and the arguments of counsel at the hearing.

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed April 13, 2010. It is an action brought by or on behalf of thirteen children who are or have been in the legal custody of the State of Nevada and/or Clark County, and placed in foster care. Plaintiffs seek monetary damages, declaratory and injunctive relief, and have asserted class claims for declaratory and injunctive relief. Plaintiffs assert that Defendants' child welfare system routinely fails in its legal obligations, duties, and responsibilities to foster children placed in their care. Plaintiffs claim that Defendants' policies, customs, and omissions, as detailed in

the complaint, fail to comply with federal and state laws, depart substantially from professional judgment, standards, and/or practice, and reflect a deliberate indifference to the health and safety of the children defendants are obligated to protect.

In the current motion, the Clark County Defendants seek a protective order to redact confidential information in documents produced to Plaintiffs in discovery. The County seeks to redact from case files and other documents produced in this case: dates of birth (date and month only); social security numbers; foster parent names and contact information; FBI numbers; fingerprints; criminal history database information; natural parents' names; names and identifying information of non-plaintiff children in foster homes; names and identifying information of persons making Child Protective Services ("CPS") reports; and medical information of Plaintiffs and non-plaintiff children in foster homes.

The Clark County Defendants rely on a number of state statutory and administrative code provisions governing the confidentiality of certain information in Department of Family Services ("DFS") case files to support their position redaction is required. Specifically, Defendants rely on the provisions of NRS 127.200 and NAC 127.200, NRS 432B.290, 179A.110, and NRS 432B.513. The Clark County Defendants argue that redaction is necessary to protect the privacy of medical information and confidential child welfare information.

The Clark County Defendants are concerned whether Plaintiffs have standing to bring damages claims on behalf of the named Plaintiff minor children under either federal or state law which "heightens the need for redactions of confidential information". The Clark County Defendants fear that, if the Plaintiffs' next of friends do not have standing to bring damages claims, the County Defendants could be subjected to multiple suits asserting the same claims brought on behalf of the natural parents of the minor children. The County Defendants anticipate raising this issue before the district judge "in a substantive motion upon further research".

The Plaintiffs oppose the Motion for Protective Order arguing that the County Defendants' challenge to the representation of Plaintiffs by next of friends does not justify withholding relevant information in discovery. The Plaintiffs also argue that the County Defendants cannot raise Nevada State law and the County's own internal policies to deny foster children discovery necessary to establish

1  violations of their civil rights.  The Plaintiffs contend that the statutory provisions the County
2  Defendants rely upon do not support redaction.
3  The Plaintiffs argue that federal law does not support the County's position that relevant
4  information may be withheld from discovery.  The County is not seeking recognition of a new federal
5  privilege and allowing the County to redact relevant information would be inconsistent with public
6  policy to protect foster children.  Finally, counsel for Plaintiffs argue that entry of a proposed Protective
7  Order governing confidentiality of documents produced in this case will adequately address any of the
8  County Defendants' confidentiality concerns.

## **DISCUSSION**

Fed. R.. Civ. P. 26(b) permits discovery into any matter, not privileged, that is relevant to any party's claim or defense.  The court finds that the documents in dispute are relevant and discoverable within the meaning of Rule 26(b).  The Clark County Defendants resist discovery and seek to redact information contained in the documents on the grounds that several state statutes protect them from compelled disclosure.

Rule 501 of the Federal Rules of Evidence governs the determination of whether materials sought in discovery in this federal case are privileged.  It provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

*Id*.

Plaintiffs' Complaint asserts both federal and state claims against the Defendants.  The Plaintiffs have asserted claims for violation of their constitutional rights under 42. U.S.C. § 1983, violation of substantive due process under Article I, § 8(5) of the Nevada Constitution, negligence, violation of the supremacy clause of the United States Constitution, and violation of Plaintiffs' substantive due process rights under the Nevada Constitution.  Plaintiffs seek compensatory and punitive damages, penalties,
///

costs, interest and attorneys fees allowed by 42 U.S.C. §§ 1983, 1988, a declaration that Defendants' policies are unlawful, and injunctive relief.

In the Ninth Circuit, it is well settled that "in federal question cases with pendant state law claims, the law of privilege is governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367 at n.10 (9th Cir. 1992) (refusing to apply California litigation privilege in copyright action with pendant state law claims); *Roberts v. Heim*, 123 F.R.D. 614, 620-21 (reviewing cases holding federal common law of privileges governs all privilege issues in federal question case with pendant state law claims); *see also* Advisory Committee Notes to Rule 501 (stating that state law applies only in diversity cases). "Where there are federal question claims and pendant state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005). The Federal Rules of Civil Procedure, Fed R. Evid. 501 and federal privilege law clearly apply to resolution of the parties' discovery dispute.

In enacting Rule 501 in 1975, Congress authorized federal courts to define new evidentiary privileges by interpreting "the principles of the common law . . . in light of reason and experience." Advisory Committee Notes to FRE 501. Rule 501 manifests a Congressional intent "not to freeze the law of privilege" but to provide federal courts with the flexibility to develop rules of privilege on a case-by-case basis. *Trammel v. United States*, 445 U.S. 40, 47 (1980). Rule 501 directed federal courts to "continue the evolutionary development of testimonial privileges." *Id*. Rule 501 "should be understood as reflecting the view that the recognition of a privilege based on a confidential relationship . . . should be determined on a case-by-case basis." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (*citing* S.Rep. No. 93-1277 at 13 (1974) *reprinted in* U.S. Code Cong. & Admin. News 1974 at 7051, 7059).

Testimonial privileges are disfavored because they deprive litigants and the public of "everyman's evidence." *Trammel*, 445 U.S. at 47. Testimonial privileges "are not lightly created or expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974). Federal courts should not create and apply a new privilege unless it "promotes sufficiently important interests to outweigh the need for probative evidence." *Trammel*, 445 U.S. at 51. The Supreme Court has been especially reluctant to recognize a privilege in an area where it appears

that Congress has considered the relevant competing concerns but has not provided the privilege itself." *University of Pa. v. EEOC*, 493 U.S. 182, 189 (1990).  This is because balancing conflicting interests is a legislative function.  *Id*.

The Supreme Court has recognized a federal common law privilege keeping grand jury proceedings secret based on a rule of secrecy dating back to the 17th century which was imported into federal common law.  *See Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 220 at n.9 (1979).  It also recognized a well-established privilege for deliberative inter-agency documents in *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132 (1975). More recently, the Supreme Court recognized a federal common law psychotherapist privilege under Rule 501 in *Jaffee v. Redmond*, 518 U.S. 1 (1996).

However, the Supreme Court has refused to recognize new federal common law privileges more often than not.  In *Branzburg v. Hayes*, 408 U.S. 665 (1972), the Supreme Court considered and flatly rejected the creation of a reporter's privilege to refuse to disclose the identity of sources in testimony before a grand jury.  The Supreme Court failed to recognize a legislative privilege barring the introduction of evidence of the legislative acts of a legislator in *United States v. Gillock*, 445 U.S. 360 (1980).  There is no privilege barring testimony on evidence of the editorial processes of the news media.  *Herbert v. Lando*, 441 U.S. 153 (1979).  In *University of Pa. v. EEOC*, 493 U.S. 182 (1990), the Supreme Court refused to recognize an academic peer review privilege.  No physician-patient privilege exists under federal common law.  *Whalen v. Roe*, 429 U.S. 589 (1977).  "The physician-patient evidentiary privilege is unknown to the common law."  *Id*. at 602 at n. 28.

The *Jaffee* decision established a framework for courts to consider in determining whether to recognize new federal common law privileges. In that case, a police officer shot and killed a man in the line of duty and received extensive counseling from a licensed clinical social worker.  The plaintiffs in a wrongful death action sought discovery of the notes of the police officer's counseling sessions.  The Supreme Court accepted *certiorari* to resolve a conflict among the Courts of Appeals concerning whether the federal courts should recognize a psychotherapist's privilege under Rule 501.  *Jaffee* directed federal courts determining whether to recognize a new federal common law privilege to first consider whether recognition of a privilege "promotes sufficiently important interests to outweigh the need for probative evidence."  *Id*. at 9-10.  Federal courts should consider both the individual and

public interests involved in recognizing a new federal common law privilege. *Id*. at 10-12. The courts should also consider whether there is a consensus among the States in determining whether "reason and experience" supports recognition of a privilege. *Id*. at 13. The Supreme Court recognized a psychotherapist-patient privilege, finding the privilege was "rooted in the imperative need for confidence and trust," served important private and public interests, and that all fifty states and the District of Columbia had enacted some form of a psychotherapist's privilege. *Id*.

The Federal Rules of Civil Procedure and federal law clearly apply to resolution of the parties' discovery disputes. The County Defendants do not argue that the material they seek to redact from documents produced in this case are privileged. Rather, the Clark County Defendants assert they are duty bound to assert the confidentiality provisions of the Nevada Revised Statutes relied upon in their Motion for Protective Order in resisting unredacted discovery in this case. A number of federal courts have recognized that Rule 501 allows recognition and respect for state evidentiary codes and privileges which express important state interests and policies. *See e.g. Pagano v. Oroville Hosp,* 145 F.R.D. 683 (E.D. Cal 1993); *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal 1987); *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976); *Lora v. Board of Education*, 74 F.R.D. 565 (E.D.N.Y. 1977); *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). These cases recognize that federal courts should attempt to determine the state interests involved and the importance of those interests in making privilege determinations in federal cases. However, federal courts should recognize state privileges only "where this can be accomplished at no substantial cost to federal substantive and procedural policy." *King,* 73 F.R.D. at 105.

Defendants rely on the Third Circuit's decision in *Doe v. SEPTA*, 72 F.3d 1133, and the Ninth Circuit's decision in *Caesar v. Montanos*, 542 F.2d 1064 (9th Cir. 1976) to support their position the court should recognize the privacy rights of non-parties and permit the County Defendants to redact documents produced in this case. In *Doe*, an employee brought a Section 1983 Civil Rights action against his employer for violation of his rights to privacy. The plaintiff claimed that in monitoring its prescription drug program, the defendants learned that he had contracted AIDS. The jury found in favor of the Plaintiff and awarded monetary damages. On appeal, the Third Circuit examined "the depth and breadth of an employee's conditional right to privacy in his prescription drug records." The court

weighed the competing interests involved and held that the plaintiff's privacy interest in his prescription records was not an absolute right, and must be weighed against the employer's interest in obtaining information. The court held that the employer's need for access to employee prescription records outweighed the employee's interests and confidentiality. Finding the defendants did not violate plaintiff's right to privacy by accessing his prescription records to monitor his health insurance plan, the court reversed and remanded the judgment in favor of the plaintiff awarding compensatory damages for his emotional distress.

In *Caesar*, the Ninth Circuit upheld the trial court's contempt adjudication against a licensed psychiatrist who refused to obey an order directing him to answer questions relating to communications with a former patient based on the "patient-litigation exception" to the psychotherapist-privileged in a California evidence code provision. The state trial court found that the patient had waived the psychotherapist-privilege when she placed her mental or emotional condition in issue by claiming damages for mental and emotional distress. Her psychotherapist was held in contempt for refusing to answer questions concerning his treatment of the patient. He exhausted his state court remedies, and sought relief in federal court claiming his contempt adjudication violated the patient's constitutional right to privacy. The Ninth Circuit held that a patient does not have an absolute constitutional right of privacy in psychotherapist-patient communications, and that by placing her mental and emotional condition in issue, disclosures of her communications with her psychotherapist were required in discovery. The court, therefore, affirmed the judgment of the district court denying the psychotherapist's petition to set aside his contempt adjudication and sentence.

The Clark County Defendants rely on a variety of Nevada statutory provisions to support their claims the court should grant a protective order and permit them to redact information which state statutes protect from unauthorized use. First, the County relies on the provisions of NRS 127.200(3). The County Defendants claim that this statute requires DFS to maintain documentation regarding children for whom the agency is responsible as confidential and protected from unauthorized use. NRS 127.200 governs the adoption of adults. NRS 127.200(3) provides: "Neither the consent of the natural parent or parents of a person to be adopted, nor of the Division, nor of any other person is required."

///

1  This case involves the placement of minor children in foster care, and this statute clearly has no
2  application to the parties' dispute.
3        The Clark County Defendants also rely on the provisions of NRS 432B.290 which governs the
4  release of data or information concerning reports and investigations.  The County Defendants
5  acknowledge that this statute authorizes the release of data or information in reports and investigations
6  of child abuse to courts and grand juries and others including attorneys, parents or guardians, and
7  guardians *ad litem* for children.  However, the County has a policy that mandates that materials
8  provided to attorneys for children must be redacted to limit disclosures regarding non-clients and non-
9  parties to litigation.  The County Defendants also acknowledge that NRS 432B.290(e) authorizes the
10 disclosure of data or information concerning reports and investigations of child abuse or neglect to a
11 court for *in camera* inspection, unless the court determines that public disclosure of the information is
12 necessary for the determination of an issue before it."  Other provisions of the statute permit a court of
13 competent jurisdiction to authorize the disclosure of additional information to the public for good cause
14 shown.
15       The County relies of the provisions of NRS 179A.110.  It provides, in pertinent part: "No person
16 who receives information relating to records of criminal history pursuant to this chapter or who receives
17 information pursuant to NRS 179A.180 to 179A.240, inclusive, may disseminate it without express
18 authority of law or in accordance with a court order."  It prohibits unauthorized disclosure of criminal
19 history information and is not an absolute bar.  Finally, the County Defendants rely on the provisions of
20 NRS 432B.513.  It governs reports or information required to be provided to a parent or guardian before
21 certain state court proceedings.  The County Defendants emphasize that they do not seek to assert these
22 statutory provisions to withhold documents, only to redact them.
23       This court is mindful of the state's interest in protecting the private information of foster
24 children, foster parents, natural parents, and others involved in the foster care system.  However, each
25 of the statutory provisions the County Defendants rely upon prohibit wholesale disclosures of
26 confidential information to the general public.  The Plaintiffs concede that the information the County
27 Defendants seek to redact should be treated confidentially, and the parties have entered into a stipulated
28 protective order governing confidentiality which the court has approved.  Each of the statutes the

County Defendants rely upon contain exceptions which allow disclosure of information and data to wide categories of persons and entities for specified purposes, for compliance with applicable law, and when ordered by a court of competent jurisdiction.

The Plaintiffs in this case seek to vindicate the constitutional and statutory rights of minor children in the Defendants' foster care system.  The court finds that none of the statutory provisions the Clark County Defendants rely upon prohibit disclosure, in this federal case, of case file materials, documents, and records which are relevant and discoverable within the meaning of Federal Rule of Civil Procedure 26(b)(1).  The case files and other records sought in discovery in this case are essential to a determination of the merits of Plaintiffs' claims and the Defendants' defenses.  The files contain critical information concerning children placed in Defendants' foster care and will either support or refute Plaintiff's claims that Defendants' child welfare system fails in its legal obligations, duties, and responsibilities to foster children placed in their care.  Federal common law does not recognize an absolute right to privacy, and the extensive redactions the County Defendants seek are inconsistent with the broad discovery authorized by the Federal Rules of Civil Procedure.  Accordingly, the court finds that the County Defendants have not met their burden of establishing that a protective order should issue to permit the extensive redactions they seek in documents produced in discovery.  The court's protective order governing confidentiality (Dkt. #72) applies to all of the files or documents of any child who has been or is in DFS custody, and prohibits use of this confidential information for any purpose other than the prosecution, defense or settlement of this action.  The protective order is detailed and comprehensive and is sufficient to protect the privacy interests at stake.

For all of the foregoing reasons,

**IT IS ORDERED** The Clark County Defendants' Motion for Protective Order (Dkt. #54) is **DENIED.**

Dated this 20th day of October, 2010.

_____
Peggy A. Leen
United States Magistrate Judge