UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HENRY A., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:10-cv-00528-RCJ-PAL |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL WILLDEN, et al., | ) | (Mtn to Intervene - Dkt. #147) |
| | ) | (Mtn to Seal - Dkt. #160) |
| Defendants. | ) | |

This matter is before the court on non-party Randal Dock's pro se Motion to Intervene to File Amicus Curiae Brief in Support of the Henry A. Case (Dkt. #147). The court has considered the Motion, Plaintiffs' Opposition (Dkt. #153), Defendants' Joinder (Dkt. #154), and Mr. Dock's Reply (Dkt. #157). The court has also considered Plaintiffs' Motion to File Under Seal Part of Randal Dock's Reply (Dkt. #160) and the Declaration of William Grimm (Dkt. #161).

I. **Motion to Intervene.**

Mr. Dock's Motion seeks leave to permissively intervene pursuant to Rule 24(b)(1) of the Federal Rules of Civil Procedure. He asserts he is similarly situated with the Plaintiffs in this case because "Clark County Department of Family Services failed in their responsibilities" to him and the Plaintiffs. He asserts that Clark County's Department of Family Services ("CCDFS") has failed in their responsibilities to residents of Southern Nevada generally, and in particular, in his own situation. He spends fourteen of twenty-two pages discussing a case he brought against his former case worker, Ms. Dona Lisa Ford, related to charges that he sexually abused his child. He was criminally charged and alleges he had to fight to obtain visitation with his daughter because of false allegations made by his ex wife, and a negligent investigation conducted by Ms Ford. Portions of transcripts of proceedings in his family court case are quoted to substantiate his claim that Judge Sullivan found Ms Ford and her entire

department had violated his rights. Dock concludes that Clark County is repeating the same pattern of negligence, and that the actions of Ms Ford and CCDFS warrants federal judicial oversight.

Plaintiffs respond that Mr. Dock's Motion is an improper attempt to revive his previously-dismissed action against Clark County and his caseworker Dona Lisa Ford, which was pending in this court as case number 2:10-cv-00275-RCJ-LRL. In that case, Plaintiff brought claims pursuant to 42 U.S.C. § 1983 against Clark County and Ms. Ford related to their alleged mishandling of allegations of sexual abuse made against Mr. Dock by the mother of his child. The court dismissed those claims. Additionally, Mr. Dock cannot meet the third requirement for permissive intervention under Rule 24. His claims of being wrongfully accused of child abuse do not overlap with Plaintiffs' claims that Defendants failed to protect foster children in their care, affirmatively endangered foster children, and failed to provide case plans in compliance with federal law.

Mr. Dock replies that he is similarly situated to various Plaintiffs in this matter, and he cites information contained in the Sealed Exhibits (Dkt. #150) to Plaintiffs' Proposed Second Amended Complaint ("SAC") (Dkt. #149). Mr. Dock asserts the purpose of his Motion was to offer the court information regarding evidence of Clark County's negligence, and the court need only consider the evidence presented in his Motion and in another civil case Mr. Dock filed against his ex wife and her husband, case number 2:10-cv-00967-PMP-PAL.

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides that the court may permit anyone to intervene who (a) has a conditional right to intervene by federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact. Here, Mr. Dock asserts his cases share a common question of law or fact with this case. The court disagrees and finds Mr. Dock's claims are fundamentally different from the claims at issue in this matter. This case concerns the rights of foster children. Specifically, the Second Amended Complaint alleges that Defendants failed to protect foster children in their care, put foster children in danger through their actions and/or inactions, and failed to provide case plans in accordance with federal law. Mr. Dock's case against the State of Nevada et al, case No 2:10-cv-275 RCJ LRL was entirely different. It concerned the rights of a parent wrongfully accused by his ex wife of abusing his child in a hotly contested custody battle, and criminal charges filed against Mr Dock as a result of her allegations,

which were allegedly substantiated based on an inadequate investigation by Ms Ford and CCDFS. His second case was filed against his ex wife and her former husband and involved various claims related to their false report of abuse of his child. Additionally, the Plaintiffs who filed this action oppose Mr. Dock's intervention. For both of these reasons, Mr. Dock's Motion will be denied.

## II.  Motion to Seal.

Plaintiffs request an Order that the court seal Mr. Dock's Reply because it contains confidential information from the proposed SAC. Plaintiffs assert that Mr. Dock was incorrectly added to the service list in this case, and he was served with a copy of the SAC in this case accidentally. *See* Grimm Declaration at ¶ 2, 4. Plaintiffs became aware of this when Mr. Dock filed his Reply. *Id.* at ¶ 5. Plaintiffs sent Mr. Dock a letter, requesting he return the copy of the SAC he received, refrain from distributing any copies of the SAC, and destroy any copies he might have made. *Id.* at ¶ 6. Mr. Dock returned a copy of the SAC to Plaintiffs' counsel on May 10, 2013. *Id.* at ¶ 7. Because Mr. Dock's Reply contains confidential information, Plaintiffs' request the court file a redacted version of the Reply attached to their Motion to Seal as Exhibit A. Mr. Dock has not objected to this request. Plaintiffs assert compelling reasons exist to seal portions of Mr. Dock's Reply because it contains "sensitive personal and medical information." *See United States v. Pella*, 2012 WL 5287898 at *1 (D. Nev. Oct. 24, 2012) (internal citation omitted). The court finds the information contained in Mr. Dock's Reply contains sensitive personal and medical information about the Plaintiffs in this litigation. Plaintiffs' Motion to Seal is therefore granted.

Ffor the reasons stated,

**IT IS ORDERED:**

1. Mr. Dock's Motion to Intervene (Dkt. #147) is DENIED.
2. Plaintiffs' Motion to Seal (Dkt. #160) is GRANTED. The Clerk of Court shall file Mr. Dock's Reply (Dkt. #157) under seal and shall file the redacted Reply attached as Exhibit A to the Grimm Declaration (Dkt. #161) on the public docket.

Dated this 23rd day of May, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3