1   J. BRUCE ALVERSON, ESQ. (Nevada Bar No. 1339)
    KARIE N. WILSON, ESQ. (Nevada Bar No. 7957)
2   ALVERSON TAYLOR
    MORTENSEN & SANDERS
3   7401 W. Charleston Boulevard
    Las Vegas, NV  89117
4   (702) 384-7000 Phone
    (702) 385-7000 Fax
5
    JACK LONDEN (*Pro Hac Vice*)
6   MARK W. DANIS (*Pro Hac Vice*)
    AURORA V. KAISER (*Pro Hac Vice*)
7   DINAH X. ORTIZ (*Pro Hac Vice*)
    SARAH N. DAVIS (*Pro Hac Vice*)
8   MORRISON & FOERSTER LLP
    425 Market Street, Suite 3200
9   San Francisco, CA  94105-2482
    (415) 268-7000 Phone
10  (415) 268-7522 Fax
11  WILLIAM GRIMM *Pro Hac Vice*)
    LEECIA WELCH (*Pro Hac Vice)*
12  ERIN LIOTTA (*Pro Hac Vice*)
    NATIONAL CENTER FOR YOUTH LAW
13  405 – 14th Street, 15th Floor
    Oakland, CA  94612
14  (510) 835-8098 Phone
    (510) 835-8099 Fax
15
    Co-Attorneys for Plaintiffs
16  HENRY A., *et al*

17                 UNITED STATES DISTRICT COURT

18                      DISTRICT OF NEVADA

19  HENRY A., by his next friend M.J.; CHARLES        Case No.:  2:10-CV-00528-RCJ-PAL
    and CHARLOTTE B., by their next friend R.D.;
20  LEO C.; VICTOR C.; LINDA E.; and MASON I.,
    by his next friend M.J., individually and on behalf
21  of others so situated,                            **PLAINTIFFS HENRY A.'S,
                                                       CHARLES AND CHARLOTTE B.'S,
22              Plaintiffs,                            AND MASON I.'S REQUEST FOR
            vs.                                        EXCEPTION TO SETTLEMENT
23                                                     CONFERENCE ATTENDANCE
    MICHAEL WILLDEN, Director of the Nevada            REQUIREMENT**
24  Department of Health and Human Services; DIANE
    COMEAUX, former Administrator of
25

26        *(Caption continued on following page.)*

27  Nevada Division of Child and Family Services;
    AMBER HOWELL, Administrator of Nevada
28  Division of  Child and Family Services; VIRGINIA

1  VALENTINE, former Clark County Manager;
   DON BURNETTE, Clark County Manager;
2  CLARK COUNTY; TOM MORTON, former
   Director of Clark County Department of Family
3  Services; LISA RUIZ-LEE, Director of Clark
   County Department of Family Services; SYLVIA
4  CLARK, Senior Family Services Specialist;
   YVETTE CHEVALIER, Caregiver Services
5  Manager; TERESA CRAGON, Case Manager;
   DARREL FORD, Licensing Investigator; DEBBIE
6  MALLWITZ, Family Services Specialist II;
   PATRICIA MARTIN, Family Services Specialist;
7  THOR MARTINEZ, Family Services Specialist I;
   PHILOMENA OSEMWENGIE, Senior Family
8  Services Specialist;  STACEY SCOTT, Family
   Services Specialist I; SONYA WEATHERS,
9  Family Services Specialist II; and DOES XI-XX,

10                    Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLS.' REQ. FOR EXCEPTION TO SETTLEMENT CONF. ATTENDANCE REQUIREMENT**
**CASE NO. 2:10-CV-00528 -RCJ-PAL**
sf-3416254

1        This matter is scheduled for a settlement conference on May 27, 2014.  The Court's Order

2 Scheduling a Settlement Conference requires that "all individual parties must be present."

3 (Docket No. 333)  As discussed below, three of the seven Plaintiffs (Linda E., Leo C., and Victor

4 C.) will attend the settlement conference in person.

5        Four of the Plaintiffs (Henry A., Charles and Charlotte B., and Mason I.), however, reside

6 out-of-state, and it would present a hardship, either financial or because of schooling, for those

7 Plaintiffs to attend the settlement conference in person.  Their relative young ages – three of them

8 are teenagers and one is five years old – also is a consideration as to their attendance if, as

9 detailed below, they otherwise are fully and adequately represented.  Because these four

10 Plaintiffs' next friends are willing and able to attend the conference on their behalf, and will have

11 full and binding authority to act on their behalf, these Plaintiffs request an exception to the

12 Court's Order requiring their in-person attendance at the conference.

13        **Plaintiffs Linda E., Leo C., and Victor C.**:  These plaintiffs all reside in Las Vegas and

14 will attend the settlement conference in person.

15        **Plaintiffs Charles and Charlotte B:**  Charles and Charlotte B. live with their parents and

16 maternal grandfather in Kingman, Arizona.  Charles is thirteen years old, and Charlotte is five

17 years old.  The children's father recently was incarcerated.  They are represented in this action

18 through their grandfather, R.D., who also lives in Kingman.  Both Charles and R.D. were deposed

19 in Kingman, Arizona.

20        The families' limited means are such that the travel cost to Las Vegas for these Plaintiffs

21 and their grandfather would impose a significant financial burden.  In view of this, and the young

22 age of Charles and Charlotte, they request to be represented at the settlement conference by their

23 grandfather R.D., who will have full and binding authority to act on their behalf.

24        **Plaintiffs Henry A. and Mason I.**:  Henry A. is fifteen years old and lives in St. Louis,

25 Missouri, with his mother and two siblings.  Henry was deposed in Missouri in this action.

26 Mason I. is sixteen years old and lives in Aberdeen, South Dakota.  For Henry to attend the

27 settlement conference, he would need to miss one, if not two, days of high school.

28

**PLS.' REQ. FOR EXCEPTION TO SETTLEMENT CONF. ATTENDANCE REQUIREMENT**
**CASE NO. 2:10-CV-00528 -RCJ-PAL**                1
sf-3416254

1       Mason, who is profoundly deaf, is scheduled to be deposed on June 4 in Aberdeen.

2 Mason's father recently was incarcerated, and Mason presently lives with another relative who

3 works full-time.  For Mason to attend the settlement conference, he would need to miss at least

4 one day of high school.

5       For Henry and Mason, the travel expenses required for in person attendance at the

6 settlement conference would impose a significant financial burden, especially given that each of

7 them would need to be accompanied by an adult.  In addition, the fact that they would need to

8 miss school to attend the conference weighs in favor of an exception to their in person attendance.

9       Both Henry and Mason appear in this action through their next friend M.J.  M.J. lives in

10 Rhode Island but was deposed in Las Vegas.  M.J. has made plans to travel to Las Vegas to attend

11 the May 15 settlement conference on behalf of Henry and Mason.  Accordingly, Henry and

12 Mason request that they be represented at the settlement conference by M.J., who will have full

13 and binding authority to act on their behalf.

14 **Request For Multiple Break-Out Rooms:**  Given the number of Plaintiffs and next

15 friends who will be attending the settlement conference (five, assuming the request for an

16 exception is granted), and the need to privately confer with each plaintiff on settlement issues

17 specific to his or her case, Plaintiffs respectfully request that the Court secure several break-out

18 rooms for Plaintiffs, the next friends, and their counsel.  This will enable them to conduct private

**PLS.' REQ. FOR EXCEPTION TO SETTLEMENT CONF. ATTENDANCE REQUIREMENT**
**CASE NO. 2:10-CV-00528 -RCJ-PAL**      2
sf-3416254

meetings and place private calls that will be needed during the course of the settlement conference.  Plaintiffs expect that three or four such rooms would be sufficient.

Respectfully submitted.

Dated:  May 16, 2014

By:    /s/ *Mark W. Danis*
_____
Mark W. Danis

*Attorneys for Plaintiffs*

Jack Londen
Mark W. Danis
Aurora V. Kaiser
Dinah X. Ortiz
Sarah N. Davis
MORRISON & FOERSTER LLP

J. Bruce Alverson
Karie N. Wilson
ALVERSON TAYLOR MORTENSEN &
SANDERS

William Grimm
Leecia Welch
Erin Liotta
NATIONAL CENTER FOR YOUTH LAW

**IT IS SO ORDERED** this 19th day of May, 2014.

_____
Peggy A. Leen
United States Magistrate Judge

PLS.' REQ. FOR EXCEPTION TO SETTLEMENT CONF. ATTENDANCE REQUIREMENT
CASE NO. 2:10-CV-00528 -RCJ-PAL
sf-3416254

3